1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD LEE CANADA,                              No.  2:14-cv-2990 WBS KJN P

12                  Plaintiff,

13          v.                                       ORDER, REVISED SCHEDULING ORDER,
                                                     AND FINDINGS AND
14   HAMKAR,                                         RECOMMENDATIONS

15                  Defendant.

16

17          Plaintiff is a state prisoner, proceeding without counsel.  This action is proceeding on

18   plaintiff's claims that defendant Dr. Hamkar was deliberately indifferent to plaintiff's serious

19   medical needs in violation of the Eighth Amendment.  The court addresses multiple filings, as set

20   forth below.

21          1.  Plaintiff's Amended Complaint

22          On January 27, 2016, plaintiff filed a document entitled "Amend Complaint," in which he

23   names the warden of California State Prison, Sacramento ("CSP-SAC"), and J. Lewis, and J.

24   Burke, both employees at CSP-SAC.  Plaintiff alleges that defendants Lewis and Burke retaliated

25   against plaintiff for pursing his lawsuit by harassing and threatening plaintiff with physical

26   violence if he continues to proceed with the lawsuit.  (ECF No. 17 at 2.)  Plaintiff claims that

27   defendants Lewis, Burke, and other CSP-SAC employees refuse to process his CDCR 22 forms

28   denying plaintiff due process of law.  Further, plaintiff claims that when he used the prison

                                                     1

grievance system, he was retaliated against.  Plaintiff asks the court to grant a temporary restraining order enjoining defendants Lewis and Burke from threatening plaintiff and calling him racist slurs.  (ECF No. 17 at 4.)

On or about April 5, 2016, plaintiff was transferred to Salinas Valley State Prison ("SVSP") in Soledad, California.  (ECF No. 19.)

A. Motion for Injunctive Relief

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  See Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a).  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction, particularly when, as here, the motion has been served on the adverse party.  Local Rule 231(a).

A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  A preliminary injunction is appropriate when a plaintiff demonstrates . . ."serious questions going to the merits and a hardship balance [ ] tips sharply toward the plaintiff, . . . assuming the other two elements of the Winter test are also met."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  An injunction

1  against individuals who are not parties to the action is strongly disfavored. <u>Zenith Radio Corp. v.</u>
2  <u>Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).

3      In cases brought by prisoners involving conditions of confinement, any preliminary
4  injunction "must be narrowly drawn, extend no further than necessary to correct the harm the
5  court finds requires preliminary relief, and be the least intrusive means necessary to correct the
6  harm." 18 U.S.C. § 3626(a)(2).

7      First, the instant action is proceeding on plaintiff's Eighth Amendment claims against Dr.
8  Hamkar.  Thus, the allegations contained in the instant motion, against different individuals based
9  on unrelated claims, will not be given a hearing on the merits at trial.  Second, no defendants are
10  located at SVSP, where plaintiff is currently housed.  Thus, the pending motion seeks injunctive
11  relief against individuals who are not named as defendants.  This court is unable to issue an order
12  against individuals who are not parties to a suit pending before it.  <u>See</u> <u>Zenith</u>, 395 U.S. at 112.
13  Third, it is well established that the transfer of an inmate to another prison while his claims are
14  pending generally will moot any claims for injunctive relief.  <u>See</u> <u>Dilley v. Gunn</u>, 64 F.3d 1365,
15  1368-69 (9th Cir. 1995); <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 n.5 (9th Cir. 1991) (a
16  prisoner's claims for injunctive relief generally become moot upon transfer.).

17      For all of these reasons, the undersigned finds that plaintiff's request for injunctive relief
18  should be denied.

19          B. <u>Amended Complaint</u>

20      Once an answer has been filed, a party may amend a pleading only by leave of court or by
21  written consent of the adverse party.  <u>See</u> Fed. R. Civ. P. 15(a)(2).  On November 18, 2015, Dr.
22  Hamkar filed an answer.  Plaintiff did not file a motion to amend or a stipulation to amend the
23  complaint signed by all parties.  Plaintiff's amended complaint is therefore stricken, and this
24  action will proceed on the original complaint against Dr. Hamkar.  If plaintiff wishes to pursue
25  claims against the defendants named in his proposed amended complaint, he must file a new civil
26  rights action to pursue relief based on his new allegations that are unrelated to the underlying
27  Eighth Amendment claims.
28  ////

2. Motion for Appointment of Counsel

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

3. Request to Extend Discovery Deadline

Defendant seeks modification of the discovery deadline.  Defendant noticed plaintiff's deposition for April 22, 2016; however, on April 19, 2016, defendant received plaintiff's change of address reflecting his transfer to Salinas Valley State Prison in Soledad, California, as of April 5, 2016.  Because discovery closes on May 1, 2016, defendant will not have sufficient time to re-notice plaintiff's deposition at his new location.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting

1  Johnson, 975 F.2d at 607).

2        Because defense counsel is required to re-notice plaintiff's deposition at his new location,

3  defendant's request to extend the discovery deadline is granted.  Discovery is extended from May

4  1, 2016, to July 1, 2016.  In light of this extension, the pretrial motions deadline is extended from

5  July 22, 2016, to September 23, 2016.  In all other respects the December 8, 2015 discovery and

6  scheduling order remains in effect.

7        Accordingly, IT IS HEREBY ORDERED that:

8      1.  Plaintiff's amended complaint (ECF No. 17) is stricken;

9      2.  Plaintiff's motion for the appointment of counsel (ECF No. 16) is denied without

10  prejudice;

11      3.  Defendants' request to extend the discovery deadline (ECF No. 20) is granted;

12      4.  The discovery deadline is continued to July 1, 2016, and the pretrial motions deadline

13  is continued to September 23, 2016; and

14        IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 17) be

15  denied.

16        These findings and recommendations are submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18  after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

21  objections shall be filed and served within fourteen days after service of the objections.  The

22  parties are advised that failure to file objections within the specified time may waive the right to

23  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24  Dated:  April 28, 2016

25

26  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

27

28  /cana2990.tro+

5