UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE CANADA,<br><br>   Plaintiff,<br><br>   v.<br><br>HAMKAR,<br><br>   Defendant. | No. 2:14-cv-2990 WBS KJN P<br><br><br>ORDER |

   Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  On December 7, 2016, plaintiff was granted a 45 day extension of time in which to file an opposition to defendants' motion for summary judgment.  Defendants were directed to file a status report concerning plaintiff's access to his legal materials.

   On January 5, 2017, plaintiff filed a letter stating he will be going before the classification committee on January 1, 2017, and put up for another transfer.  Plaintiff states that he was informed that his legal materials had arrived from Salinas Valley State Prison ("SVSP") to California State Prison, Sacramento ("CSP-SAC"), where plaintiff is now housed, but that plaintiff still has not received any of his legal materials as of January 1, 2017.  (ECF No. 32 at 1-2.)

   On January 6, 2017, defendants filed a declaration confirming that plaintiff is now housed at CSP-SAC.  On January 5, 2017, a property officer pulled all of plaintiff's legal property

consisting of three boxes of mail, letters, miscellaneous papers and books, and a different property officer delivered the three boxes to plaintiff's cell and directed plaintiff to go through the boxes. Plaintiff told the property officer that plaintiff was "missing a black folder," and that Salinas Valley State Prison is "playing games," and refused to accept his legal property. The property officer took the property back from plaintiff's cell. Plaintiff told the property officer he would submit an appeal to that institution, but could not specify what paperwork was missing, only a "black folder." (ECF No. 30 at 2.)

This action proceeds on plaintiff's Eighth Amendment claim against Dr. B. Hamkar, alleging Dr. Hamkar was deliberately indifferent to plaintiff's serious medical needs, by, *inter alia*, denying plaintiff effective medication for chronic pain despite his knowledge of the impairments that plaintiff would suffer in the absence of the required medication. (ECF No. 5 at 2.)

On September 20, 2016, defendant filed a motion for summary judgment. Plaintiff has received numerous extensions of time in which to file an opposition. The court is aware that plaintiff may review and obtain copies of his medical records by following prison procedures. Because the instant action only pertains to plaintiff's medical care, plaintiff is personally involved and aware of the care he alleges he received and did not receive. Indeed, the operative pleading recites plaintiff's claims against Dr. Hamkar. In an abundance of caution, the Clerk is directed to send plaintiff a copy of the complaint.

The court is also aware that plaintiff is litigating other cases in this district,[1] and it is unclear whether the missing black folder pertains to the instant case or plaintiff's other cases. If the black folder contained discovery responses from defendant in this action, plaintiff may seek copies of such discovery responses from counsel for defendant.

In any event, plaintiff is required to file an opposition to defendant's motion for summary judgment. He is granted sixty days in which to file his opposition. Failure to file an opposition

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1 | will result in the dismissal of this action, as expressly set forth in this court's November 14, 2016
2 | order.  (ECF No. 26.)  No further extensions of time will be granted.
3 |      Accordingly, IT IS HEREBY ORDERED that:
4 |      1.  Plaintiff is granted sixty days from the date of this action in which to file an opposition
5 | to the motion for summary judgment; no further extensions of time will be granted; and
6 |      2.  The Clerk of the Court is directed to send plaintiff a copy of his complaint (ECF No.
7 | 1).
8 | Dated:  January 10, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cana2990.ext