UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE CANADA, | No. 2:14-cv-2990 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| HAMKAR, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's Eighth Amendment claim against Dr. Hamkar. Plaintiff has filed two requests for the court to appoint counsel. During the pendency of plaintiff's first motion for appointment of counsel, the court issued an order addressing defendants' response concerning plaintiff's legal materials. Plaintiff's second motion for appointment of counsel was filed thereafter; plaintiff requests the court appoint counsel to investigate the alleged tampering with plaintiff's legal materials, and appears to contend that Lt. Kiel or others are retaliating against plaintiff by tampering with his legal materials.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

1

1   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional
2   circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as
3   well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
4   legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not
5   abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional
6   circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of
7   legal education and limited law library access, do not establish exceptional circumstances that
8   warrant a request for voluntary assistance of counsel.

9        Having considered the factors under Palmer, the court finds that plaintiff has failed to
10  meet his burden of demonstrating exceptional circumstances warranting the appointment of
11  counsel at this time.

12       It is unclear whether plaintiff's legal materials were lost at Salinas Valley State Prison or
13  after he was transferred to California State Prison, Sacramento.  In order to assist plaintiff in
14  opposing the pending motion, the court previously provided plaintiff with a copy of his
15  complaint.  (ECF No. 33.)  If plaintiff needs a copy of defendant's motion for summary judgment,
16  he may ask defense counsel to provide a duplicate copy.  Similarly, as noted in the prior order,
17  plaintiff may also ask defense counsel to provide duplicate copies of any discovery previously
18  provided.  Otherwise, plaintiff may review and obtain copies of his medical records and his
19  administrative grievances and responses thereto, all of which are accessible by using prison
20  procedures.

21       To the extent that plaintiff now claims that Lt. Kiel or others retaliated against plaintiff by
22  tampering with plaintiff's legal materials, plaintiff must exhaust any retaliation claim through the
23  administrative grievance process before filing such claim in federal court.  Proper exhaustion of
24  available remedies is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).[1]

---

[1] In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7. Now inmates in California proceed through three levels of appeal to exhaust the appeal process:  (1) formal written appeal on a CDC 602 inmate appeal form, (2)

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for the appointment of
2  counsel (ECF Nos. 31, 34) are denied without prejudice.
3  Dated:  January 20, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cana2990.31(2)

---

second level appeal to the institution head or designee, and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR").  Cal. Code Regs. tit. 15, § 3084.7.  Under specific circumstances, the first level review may be bypassed.  Id.  The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies.  See id. § 3084.7(d)(3).  Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services.  A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).  Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue."  Cal. Code Regs. tit. 15, § 3084.2(3).  Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested."  Cal. Code Regs. tit. 15, §§ 3084.2(a)(4).  An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed."  Cal. Code Regs. tit. 15, § 3084.8(b).