1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD LEE CANADA,                        No.  2:14-cv-2990 WBS KJN P

12                  Plaintiff,

13        v.                                    ORDER

14   HAMKAR,

15                  Defendant.

16

17        This action proceeds on plaintiff's original complaint, in which he claims defendant Dr.

18   Hamkar was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth

19   Amendment.  Despite the prior order that no further extensions of time would be granted (ECF

20   No. 33), on March 6, 2017, plaintiff filed another request for an extension of time to file and

21   serve an opposition to defendant's September 20, 2016 motion for summary judgment.  As

22   discussed below, plaintiff's motion is partially granted.

23   Background

24        Plaintiff's complaint was signed on December 6, 2014, and defendant filed an answer.  On

25   April 28, 2016, discovery was continued to July 1, 2016, and the pretrial motions deadline was

26   continued to September 23, 2016.  Plaintiff was deposed on May 24, 2016.  On September 20,

27   2016, defendant filed a motion for summary judgment, which included the requirements for

28

1   opposing a motion for summary judgment.

2          On November 14, 2016, plaintiff's failure to file an opposition was noted, and plaintiff

3   was ordered to file an opposition within thirty days, and that his failure to do so would be deemed

4   as consent to have the (a) action dismissed for lack of prosecution; and (b) action dismissed based

5   on plaintiff's failure to comply with these rules and a court order.  Such failure shall result in a

6   recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

7   (ECF No. 26.)

8          On December 2, 2016, plaintiff filed a motion for extension of time noting his difficulties

9   in obtaining his legal materials due to his transfer from the California Medical Facility to

10  California State Prison, Sacramento ("CSP-SAC").  On December 7, 2016, plaintiff was granted

11  an extension of 45 days in which to file the opposition, but defendant was directed to file a status

12  report concerning plaintiff's access to his legal materials.  On January 5, 2017, plaintiff notified

13  the court that he would be attending his classification committee on January 1, 2017, and put up

14  for another transfer.  Plaintiff claimed he had been informed that his legal materials had arrived,

15  but he did not yet have possession of them.  (ECF No. 32 at 1.)  On January 6, 2017, counsel for

16  defendant filed a declaration stating that on January 5, 2017, a property officer attempted to

17  deliver three boxes of mail, letters, miscellaneous papers and books to plaintiff, but after plaintiff

18  reviewed the boxes, he told the officer he was missing a black folder, and that Salinas Valley

19  State Prison was "playing games."  (ECF No. 30 at 2.)  Plaintiff refused receipt of the property.

20  (ECF No. 30 at 2.)

21         On January 10, 2017, the court recounted the nature of plaintiff's claim, noted that

22  plaintiff may review and obtain copies of his medical records by following prison procedures, and

23  reminded plaintiff that because the instant action only pertains to his medical care, plaintiff was

24  personally involved and aware of the care he alleges he received and did not receive.  (ECF No.

25  33.)  In an abundance of caution, because the operative pleading recited plaintiff's claims against

26  Dr. Hamkar, the court provided plaintiff with a copy of his complaint, and granted him sixty days

27  in which to file his opposition.  Plaintiff was warned that failure to file an opposition would result

28  in the dismissal of this action, as set forth in the November 14, 2016 order, and admonished that

2

1   no further extensions of time would be granted.  (ECF No. 33 at 2-3.)

2          On February 15, 2017, plaintiff filed a request for in forma pauperis affidavits and

3   medical and mental health Olsen[1] review, listing three other cases in addition to the instant case.

4   (ECF No. 36 at 1.)  Plaintiff provided copies of health care services request forms requesting an

5   Olsen review, dated January 2 and 17, 2017, February 6 and 10, 2017.  (ECF No. 36 at 5-9, 11.)

6          On February 21, 2017, plaintiff filed a motion for Olsen review.  (ECF No. 37.)  Plaintiff

7   claims that on February 15, 2017, medical staff provided plaintiff with a CDCR 7385

8   authorization for release of protected health information to fill out for an Olsen review.  Later that

9   day, plaintiff was given a copy of the request.  However, during medication pass out, plaintiff was

10  not given any Olsen review paperwork.  Plaintiff claims that staff falsely documented the form

11  stating he was given the Olsen review paperwork cell side, but that "never happened."  (ECF No.

12  37 at 3.)  Plaintiff states that prison policy entitles inmates to sign and date the copy after

13  obtaining the Olsen review to prove receipt, but plaintiff never signed for such review.  Plaintiff

14  claims that prison staff do not want him to have access to his Olsen review.  (Id.)

15         Plaintiff provided a copy of the authorization for release of protected health information

16  which was signed by plaintiff on February 15, 2017.  (ECF No. 37 at 7-8.)  Plaintiff requested

17  records from June to August of 2015, electromyography and nerve conduction test results, and

18  psychotherapy notes 2014-16 from clinician M. Hunter.  (ECF No. 37 at 7.)  The release form

19  bears no mark confirming delivery of the requested medical records to plaintiff.  (ECF No. 37 at

20  7-8.)  However, the form warns the inmate that requests for psychotherapy notes require a

21  separate CDCR 7385 form and "may not be combined with any other request for health care

22  records."  (ECF No. 37 at 6.)

23         Plaintiff's Health Care Services Request form dated February 12, 2017, was completed by

24  a registered nurse who noted plaintiff was given a copy of the Olsen review on February 15, 2017

25  at 9:15, cell side.  (ECF No. 37 at 8.)

26         On February 24, 2017, plaintiff filed a notice stating that he was told to pack because he

27

28  [1] An Olsen review is an administrative procedure which allows an inmate to review his central
    file.  Johnson v. Echano, 2016 WL 4239414, at *4 (N.D. Cal. Aug. 11, 2016).

1   will be transferring to a different prison, and confirming that he continues to submit requests for

2   medical and mental health Olsen review.  (ECF No. 38.)  In his March 2, 2017 letter to the clerk,

3   plaintiff notified the court that he refused to get on the bus for transfer because prison officials

4   refused to pack his property.  (ECF No. 39.)

5         On March 2, 2017, plaintiff renewed his motion for Olsen review, providing a copy of his

6   February 27, 2017 request for 602 appeal concerning the requested Olsen review.  (ECF No. 40 at

7   3.)  Plaintiff claims he needs copies of the results from an electromyography and nerve

8   conduction (EMG/NCS) dated June 12, 2015, and August 14, 2015, completed by Dr. Friend, and

9   progress notes from previous assigned clinician, CSW M. Hunter, 2014-16 documents, because

10   they are relevant to plaintiff's opposition.  (ECF No. 40 at 4.)

11         On March 6, 2017, plaintiff filed a request for extension of time; because of his recent

12   transfer to Kern Valley State Prison, plaintiff allegedly has none of his legal materials.

13   Discussion

14         Requests/Motions for Olsen Review

15         Plaintiff is advised that discovery is closed.  On January 10, 2017, the court suggested

16   plaintiff review his medical records as an alternative to enable plaintiff to prepare his opposition

17   before he received his legal materials.  Indeed, in his pending request for extension of time,

18   plaintiff complains that he was separated from his legal materials during his recent transfer,

19   implying that plaintiff was in possession of his legal materials immediately before his recent

20   transfer.

21         Moreover, plaintiff has not filed a motion to defer consideration of the motion for

22   summary judgment under Rule 56(d) of the Federal Rules of Civil Procedure, and plaintiff alleges

23   no facts demonstrating he would be entitled to such deferral.  In his complaint, plaintiff alleges

24   that Dr. Hamkar was deliberately indifferent to plaintiff's serious medical needs on April 23,

25   2014, when he told the doctor that plaintiff was having chronic neck and lower back pain and the

26   Tylenol was not working, and the doctor allegedly responded that he did not care, that he would

27   not put plaintiff back on the medication that works, and that because plaintiff is considered a

28   mental health inmate, plaintiff would need to get out of the mental health program before the

4

1  doctor could adequately treat plaintiff.  (ECF No. 1 at 6.)

2       In the motion for summary judgment, Dr. Hamkar declares that medical records reflect

3  that he saw plaintiff three times:  November 25, 2013, December 3, 2013, and April 23, 2014

4  (ECF No. 25 at 22-23), and plaintiff was provided copies of the reports from these examinations

5  (ECF No. 25 at 26-28).  In all of plaintiff's filings, he fails to explain how electromyography and

6  nerve conduction studies performed on June 12, 2015, and August 14, 2015, over a year after Dr.

7  Hamkar's treatment of plaintiff would rebut Dr. Hamkar's motion.  Similarly, plaintiff does not

8  address how psychotherapy notes from clinician M. Hunter from 2014 to 16 would be relevant or

9  rebut Dr. Hamkar's motion.

10       For all these reasons, plaintiff's pending motions and requests for Olsen reviews are

11  denied.

12       <u>Request for Further Extension of Time</u>

13       It is unfortunate that prison officials again transferred plaintiff, for we are now back where

14  we were in December:  plaintiff, recently transferred, is again allegedly separated from his legal

15  materials.  Plaintiff is unable to oppose the pending motion without possession of his legal

16  materials.  Thus, counsel for defendant is directed to file a status report addressing the status of

17  plaintiff's legal materials, including whether plaintiff now has possession of his legal materials

18  and, if not, when he will obtain such possession.  Any efforts defense counsel could make to

19  ensure plaintiff has possession of his legal materials, would be appreciated.

20       The court has no alternative but to grant plaintiff a further extension to oppose the motion.

21  However, absent substantial cause, no further extensions of time will be granted.  Plaintiff is

22  cautioned that, as set forth in the court's November 14, 2016 order, failure to file a timely

23  opposition will result in an order granting the motion for summary judgment.

24       IT IS HEREBY ORDERED that:

25       1. Plaintiff's motions and requests for an Olsen review (ECF Nos. 36, 37, 40) are denied.

26       2.  Plaintiff's motion for an extension of time (ECF No. 41) is granted.

27       3.  Plaintiff is granted forty-five days from the date of this order in which to file and serve

28  his opposition.  No further extensions of time will be granted absent substantial cause.

1          4.  Within fourteen days from the date of this order, counsel for defendant shall file a

2   status report as set forth above.

3   Dated:  March 10, 2017

4

5                                                                   _____
                                                                    KENDALL J. NEWMAN
6   /cana2990.36sec                                                 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6