UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE CANADA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HAMKAR,<br><br>　　　　　Defendant. | No. 2:14-cv-2990 WBS KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff is presently housed at Kern Valley State Prison ("KVSP"). This action proceeds on plaintiff's claims that, while housed at California State Prison, Sacramento, defendant Dr. Hamkar violated plaintiff's Eighth Amendment rights. On June 30, 2017, plaintiff filed a motion for return of legal materials, and on July 13, 2017, plaintiff filed a document styled, "Declaration in Opposition to Defendant's Motion for Summary Judgment," in which he makes multiple requests.

First, plaintiff's declaration is unclear. Plaintiff states that his declaration is an opposition to defendant's motion for summary judgment, but plaintiff does not address the merits of his underlying action. Plaintiff notes his discharge from the Department of State Hospitals, asks the court to lift the stay, and states that he received a "small amount of his legal materials while housed at administrative segregation ASU #1," and states he "would like to 'rest' this case with

////

1

prejudice due to death threats."[1] (ECF No. 57 at 3.) It is unclear whether plaintiff wishes to voluntarily dismiss this action with prejudice, or whether he wishes the court to construe his declaration as his opposition to the motion for summary judgment.[2] Plaintiff is granted leave to clarify how he wishes to proceed in this action.

Second, plaintiff has now received some of his legal materials. Thus, if plaintiff decides to proceed with this action, it is unclear whether he now has sufficient access to his legal materials to file an opposition to the motion, once it is renewed by defendant, or whether plaintiff maintains he needs access to other legal materials. Plaintiff is now housed in administrative segregation, and the court is aware that such housing somewhat limits an inmate's ability to retain legal materials in the cell. However, plaintiff can request access to his legal materials by following prison procedures. Because plaintiff's access to his materials has changed since he filed his June 30 motion, such motion is denied without prejudice.

Third, because plaintiff's wishes and the current status of his access to his legal materials are unclear, the court will not lift the stay at this time.

Therefore, within thirty days from the date of this order, plaintiff shall clarify whether he wishes to voluntarily dismiss this action with prejudice, or whether he would like the court to lift the stay and order defendant to renew his motion for summary judgment so that plaintiff may now file an opposition to the motion.

---

[1] Plaintiff claims that on June 15, 2017, Sgt. J. Niebert and two other unknown officers, used unnecessary force on plaintiff causing physical injuries. Plaintiff claims he received death threats from these officers, and that all correctional staff at KVSP threaten to cause plaintiff physical harm by setting plaintiff up and to have plaintiff murdered if he continues to file lawsuits and complaints. (ECF No. 57 at 3-4.) In addition, within his declaration, plaintiff requests a temporary restraining order against Sgt. Niebert. (ECF No. 57 at 5.) However, as plaintiff was informed on April 28, 2016, this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). If plaintiff wishes to pursue claims against Sgt. Niebert, plaintiff must first exhaust his administrative remedies, and then file any civil rights claim in the Fresno Division of this court inasmuch as KVSP is located in Delano, within the Fresno Division's jurisdiction.

[2] Plaintiff is reminded that there are specific requirements for opposing a motion for summary judgment which were provided by defendant with his motion for summary judgment. (ECF No. 25 at 31-34.) See also September 25, 2015 Order (ECF No. 9 at 3-4; 6.)

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 30, 2017 motion (ECF No. 56) is denied without prejudice; and

2. Within thirty days from the date of this order, plaintiff shall file a clarification as to how he wishes to proceed, as described above.

Dated: July 17, 2017

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cana2990.clar